## HENRY LINDEMAN

*v.*

## FRANK L. FRY *et al.*

*Opinion filed February 17, 1899.*

1. INSTRUCTIONS—*when instruction on recoupment is properly refused.* In a suit by an architect for plans and supervision of a building, an instruction is properly refused which allows the defendant the right of recoupment if the building was not properly constructed, irrespective of whether plaintiff was at fault, and which ignores the issue that defendant accepted the building knowing it had not been completed.

2. APPEALS AND ERRORS—*whether verdict is excessive or against evidence are questions of fact.* Whether defendant to a suit by an architect for plans and supervision is entitled, under the evidence, to recoupment by way of damages for the plaintiff's negligent performance of his work, and whether the verdict is excessive, are questions of fact settled in the Appellate Court.

*Lindeman* v. *Fry,* 77 Ill. App. 89, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

BARKER & CHURCH, for appellant.

SMITH, SHEDD, UNDERWOOD & HALL, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

By his brief appellant presents but three points: that the verdict is contrary to the evidence; that it is excessive; and that there was error in refusing to give the fourth instruction asked by appellant.

Appellees, who are architects and partners, brought assumpsit against the appellant, by whom they were employed to prepare plans and specifications for and superintend the erection of a building. There is no denial of the rendition of services, but it is denied that there was

proper supervision, and it is insisted that many things which were to have been put in the building were omitted and different material was used, and it is claimed that appellant might recoup, etc.  This question, and that presented claiming the damages are excessive, are questions of fact conclusively determined by the judgment of the Appellate Court.

The refusal of the court to give the following instruction is assigned as error:

"The jury are instructed that if they believe, from the evidence, that the plaintiff in this case did not use reasonable care and diligence in the performance of his work as an architect, and the buildings of defendant were not properly constructed, then the defendant may recoup or set off the damages he may sustain on that account; and if, from the evidence, the jury find the damages sustained are equal to or greater than the amount plaintiff might claim for services, then the jury should find for the defendant."

On this question the Appellate Court held the instruction properly refused, saying: "If the jury had found that the buildings were improperly constructed, and that the plaintiffs had not exercised reasonable care and diligence, then, under the instruction, they must have found for the appellant, even though they believed that the improper construction was not the fault of appellees. The instruction is erroneous in another respect. Appellees' evidence showed that the carpenter's and painter's work was not complete, and that the appellant accepted the work with knowledge of its incompleteness. This evidence the court is, by instruction, asked to ignore and in effect to exclude it from the jury."

We concur in that view, and the judgment of the Appellate Court for the First District is affirmed.